PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY IMPERIAL, | ) | |
| | ) | CASE NO. 4:24–CV–01871 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SWIFT MOVING SERVICES, LLC | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | [Resolving ECF No. 28] |
| | ) | |

Pending before the Court is Defendant's Motion to Set Aside Entry of Default.[1]  ECF No. 28.  The motion is granted for the reasons below.

## I. Background

Plaintiff Anthony Imperial alleges that Defendant Swift Moving Services, LLC, a contracted moving company, holds his personal property hostage until he pays exorbitant fees. ECF No. 1 at PageID ##: 1-3.  He initiated this action *pro se* seeking injunctive relief, specific performance, and monetary damages.  ECF Nos. 1, 9.  Plaintiff satisfied his evidentiary burden showing the requisite amount in controversy under 28 U.S.C. § 1337.  ECF Nos. 13, 16.  He served Defendant within 90–days as required by Rule 4(m).  Fed. R. Civ. P. 4(m); ECF No. 8. Defendant failed to serve a responsive pleading within 21 days as required by Rule 12(a).  Fed. R. Civ. P. 12(a)(1)(A)(i).  Plaintiff submitted entries that the Court construed collectively as a

---

[1] Defendant styles the petition as a "Motion to Set Aside Default Judgment, or in the Alternative, Motion to Vacate, Alter or Amend Default Judgment."  The Court construes it solely as a Motion to Set Aside Entry of Default.  *See* discussion *infra* Part III.A.

(4:24–CV–01871)

motion for default judgment under Rule 55(a).[2]  Fed. R. Civ. P. 55(a); ECF Nos. 9, 10, 18, 22.

The Court granted the motion, posted an order and entry of default, and appointed *pro bono*

counsel to Plaintiff.  ECF Nos. 22, 23, 25.  Two weeks after entry of default, Defendant debuted

in this action by filing a notice of appearance and the pending motion.  ECF Nos. 26, 28.

Plaintiff opposed the motion and Defendant replied.  ECF Nos. 31, 32.

Defendant argues that: (1) default judgment is a drastic remedy reserved for extreme

circumstances; (2) Defendant did not engage in legally culpable conduct to sustain default; (3)

Plaintiff would not be prejudiced by setting aside the default; (4) Defendant has meritorious

defenses to the complaint; (5) the entry of default is not a final appealable order, requiring

Defendant's motion be reviewed under Rule 55(c); and (6) "it is in the interest of justice" to

grant the Motion.  Fed. R. Civ. P. 55(c); ECF No. 28 at PageID ##: 79–87.

Plaintiff responds that: (1) he will suffer prejudice if the entry of default is vacated; (2)

Defendant's alleged defenses do not excuse its inaction; and (3) Defendant's culpable conduct

makes the entry of default proper.  ECF No. 31 at PageID ##: 113–15.

## II.  Law

### A. Procedures for Entry of Default and Relief for Defaulting Parties

When a party against whom relief is sought fails to plead or otherwise defend within 21

days of service under Rule 12(a), and that failure is shown by affidavit or otherwise, the clerk

---

[2] *Pro se* filings are "liberally construed" by district courts.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

(4:24–CV–01871)

must make an entry of default under Rule 55(a).[3] Fed. R. Civ. P. 12(a), 55(a). In response, the defaulting party may move to set aside the entry of default under Rule 55(c). Fed. R. Civ. P. 55(c); *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839 (6th Cir. 1983); *Wright & Miller*, § 2692. If persuaded, the court may set aside the entry of default for "good cause" shown. Fed. R. Civ. P. 55(c). If the court does not set aside default, the complainant party may then move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). If the court grants default judgment, the defaulting party may move for relief under Rule 60(b). Fed. R. Civ. P. 60(b).

### B. Rule 55(c)'s "Good Cause" Standard Governs a Motion to Set Aside Entry of Default

Determining whether to set aside entry of default is committed to the "sound discretion" of the district courts. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011). In exercising this discretion, "any doubt[s] should be resolved in favor of the petition to set aside." *Id.* (citing *Huntington Cab Co. v. Am. Fid. & Cas. Co.*, 4 F.R.D. 496, 498 (S.D.W. Va. 1945)). Courts distinguish between the lenient Rule 55(c) "good cause" standard for setting aside default and the more demanding Rule 60(b) "just terms" standard for setting aside default judgment. *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *accord Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980); *Wright & Miller*, § 2693; Fed. R. Civ. P. 55(c), 60(b). Default is merely the formal recognition by a court that a party has failed to meet one or more of its procedural obligations. *Wright & Miller*, § 2692. The formal entry of default,

---

[3] "Otherwise defend" refers to a challenge to service, venue, or the sufficiency of a prior pleading. 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (4th ed. 2024).

(4:24–CV–01871)

therefore, is "simply [an] official recognition of the fact that one party is in default" and an "interlocutory step" taken in anticipation of final judgment.  *Id.*  On the other hand, Rule 60(b) only operationalizes "once the default has ripened into a judgment" (*i.e.*, "once the court has determined damages and a judgment has been entered.")  *Dassault Systemes*, 663 F.3d at 839 (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (citation modified); Fed. R. Civ. P. 60(b).  In the Sixth Circuit, demarcation between Rule 55(c) and Rule 60(b) is unambiguous.  *Waifersong*, 976 F.2d at 292; Fed. R. Civ. P. 55(c), 60(b).  In the interregnum between entry of default and actual default judgment, where this action sits, "the more lenient Rule 55(c) standard governs."[4]  *Dassault Systemes*, 663 F.3d at 840; Fed. R. Civ. P. 55(c).

Considering the present procedural posture, the applicable law, and the Parties' briefs, the Court must apply Rule 55(c) rather than Rule 60(b) to resolve the pending motion.  *See Dassault Systemes*, 663 F.3d at 840 (holding that, because defendant filed its motion to set aside entry of default *before* the court entered final judgment, the Rule 55(c) "good cause" standard applied); Fed. R. Civ. P. 55(c), 60(b). This approach is "consistent with the well–established rule that Rule 60(b) applies only to final, appealable judgments." *Dassault Systemes*, 663 F.3d at 840; *Moore's Federal Practice*, §§ 60.22(3)(b), 60.23; *cf. Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); Fed. R. Civ. P. 60(b).  Notably, a motion ruling under Rule 55(c) is an inappropriate mechanism for reaching factual conclusions or resolving merits claims.  *Rooks*, 263 F.2d at 169; Fed. R. Civ. P. 55(c).  This aligns with longstanding public policy in the Sixth Circuit favoring

---

[4] The Sixth Circuit has acknowledged an "issue that appears to have created some inconsistencies within our precedents: the application of Rule 55(c), which permits a court to set aside a default or default judgment for good cause, versus the application of Rule 60(b), which grants relief from final judgments.")  *Dassault Systemes*, 663 F.3d at 838.

(4:24–CV–01871)

adjudication on the merits, rather than through procedural skirmishes.  *E.g.*, *Krowtoh II LLC v. ExCelsius Int'l Ltd.*, 330 F. App'x 530, 534 (6th Cir. 2009) (citing *Berthelsen*, 907 F.2d at 620).

### C. *Three Consistent Factors Guide Relief from Default under Rule 55(c)*

Although distinct, the foundational requirements for relief sought under either Rule 55(c) or Rule 60(b) are identical and use the "well–established factors" set forth in *United Coin Meter v. Seaboard Coastline* and its progeny.  *Dassault Systemes*, 663 F.3d at 838 (citing 705 F.2d 839, 843–44 (6th Cir. 1983); *see Wright & Miller*, § 2692; Fed. R. Civ. P. 55(c), 60(b).  In the Sixth Circuit, district courts applying Rule 55(c) must consider whether: (1) the plaintiff would be prejudiced if default is set aside; (2) the defendant has any meritorious defenses; and (3) the defendant's culpable conduct led to the default.  *United Coin*, 705 F.2d at 845; *e.g.*, *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002); *Wright & Miller*, §§ 2692, 2694; Fed. R. Civ. P. 55(c).  While the *United Coin* factors are analyzed holistically, greater weight is accorded to the first two (prejudice and meritorious defenses).  *Shepard Claims*, 796 F.2d at 194; Fed. R. Civ. P. 55(c).

Although the factors are the same under both rules, the standard to set aside entry of default is, as noted, less demanding than the standard to set aside default judgment.  *O.J. Distrib.*, 340 F.3d at 353; Fed. R. Civ. P. 55(c), 60(b).  As a consequence, less significant grounds may suffice for relief under Rule 55(c).  *Shepard Claims*, 796 F.2d at 195; *Moore's Federal Practice*, § 60.22; Fed. R. Civ. P. 55(c).  When reviewing a motion to set aside entry of default, there is "considerable latitude under the good cause shown standard of [Rule 55(c)] to grant a defendant relief from a default entry."  *United Coin*, 705 F.2d at 845; *see United States v. Real Prop., All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999) (quoting *Waifersong*, 976 F.2d at 292); Fed. R. Civ. P. 55(c).  Precedent commands district

5

(4:24–CV–01871)

courts to be predisposed towards clemency for parties in default.  *Shepard Claims*, 796 F.2d at 194–95*; see Berthelsen*, 907 F.2d at 620 ("[a] glaring abuse of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default.")

### III. Discussion.

### A. *Construing Defendant's Motion to Set Aside Entry of Default Under Rule 55(c)*

Defendant styles its petition as a "Motion to Set Aside Default Judgment, or in the Alternative, Motion to Vacate, Alter or Amend Default Judgment . . . pursuant to [Rule 55(c)], [Rule 59(e)], and [Rule 60(b)]."  Fed. R. Civ. P. 55(c), 59(e), 60(b); ECF No. 28 at PageID #: 78. Because final judgment has not been entered, the motion appears, at first glance, ill–timed and ill–considered.  *See Dassault Systemes*, 663 F.3d at 839 (noting that a "motion challenging a not–yet–final default judgment seems premature.").  Plaintiff appears to make a similar misstep, opposing Defendant's request to "set aside a default judgment" that does not yet exist.  ECF No. 31 at PageID #: 113.

Even so, the substance of the motion reveals Defendant's correct understanding that "the [C]ourt's order and entry of default is not a final appealable order" and therefore should be "considered pursuant to [Rule 55(c)], [because] [Rule 59(e)] and [Rule 60(b)] are inapplicable." ECF No. 28 at PageID #: 86.  Defendant's entry, therefore, is construed solely as a motion to set aside entry of default.  This interpretation comports with Rule 8(f)'s mandate that "all pleadings shall be so construed as to do justice."  *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000) (explaining that the "fundamental tenor of the [Federal] Rules is one of liberality rather than technicality."); Fed. R. Civ. P. 8(f).

### B. *Plaintiff Would Not Be Prejudiced by Setting Aside Default, Defendant Has Raised Meritorious Defenses, and Defendant's Culpable Conduct Led Directly to Default*

6

(4:24–CV–01871)

Defendant has satisfied *United Coin* factor balancing sufficient to set aside default because: (1) Plaintiff would not be prejudiced; and (2) Defendant has meritorious defenses; even though (3) Defendant's culpable conduct led to the entry of default.  *See* 705 F.2d at 845.

### *1. Whether Plaintiff Would be Prejudiced if Default is Set Aside*

Defendant argues that: (1) a delay in resolution of this dispute, by itself, does not amount to legal prejudice sufficient to set aside entry of default; and (2) Plaintiff cannot show that delayed resolution would result in lost evidence, hindered discovery, or potential fraud.  ECF No. 28 at PageID #: 82.  Plaintiff counters, arguing that delayed resolution will leave him: (1) without access to his personal property; (2) unable to assess damages; and (3) subject to threats of auction of his personal property unless he agrees to an unfair settlement.  ECF No. 31 at PageID #: 114.  Plaintiff also contends that Defendant has caused ongoing harm, created discovery and evidentiary concerns, and created opportunities for fraud and collusion.  ECF No. 31 at PageID #: 114.

To establish prejudice, Plaintiff must firmly allege facts showing "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Grp., Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) *(quoting Wright & Miller*, § 2699) (citation modified).  Plaintiff has failed to do so.  A Rule 55(c) inquiry must focus on the future prejudice that setting aside default would cause, rather than prejudice already suffered due to Defendant's alleged conduct.  *Dassault Systemes*, 663 F.3d at 842; *Berthelsen*, 907 F.2d at 620–21; Fed. R. Civ. P. 55(c).  Defendant is correct that "[m]ere delay in the resolution of Plaintiff's claim 'is not sufficient prejudice to require denial of a motion to set aside a default[.]'"  *United Coin*, 705 F.2d at 845 (citing *Keegel*, 627 F.2d at 374); *see Feliciano*, 691 F.2d at 656–57.  Furthermore, mere allegations of potential

7

(4:24–CV–01871)

complication (*e.g.*, increased litigation costs) do not support denying a motion to set aside entry of default.  *$22,050.00 U.S. Currency*, 595 F.3d at 325.

Although setting aside the entry of default likely prolongs the time during which Plaintiff remains without recourse for Defendant's alleged violations, the ultimate purpose of proceeding in this action is to determine, on the merits, whether he is truly entitled to relief.  *See Dassault Systemes*, 663 F.3d at 842.  Under these circumstances, Plaintiff would not be sufficiently prejudiced if default is set aside.  Consequently, the first factor cuts in Defendant's favor.

### 2. Whether Defendant Has Any Meritorious Defenses

A defense is meritorious "if there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *$22,050 U.S. Currency*, 595 F.3d at 326 (quoting *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006)).  Although success on the merits is speculative, a legal assertion is meritorious if it is "good at law," irrespective of its eventual viability.  *Dassault Systemes*, 663 F.3d at 843; *United Coin*, 705 F.2d at 845 (citing *Rooks*, 263 F.2d at 169.  As indicated, the Court cannot use a Rule 55(c) motion ruling to determine issues of fact or adjudicate the eventual merits of Defendant's claims.  *See discussion infra* Part II.B; *Rooks*, 263 F.2d at 169; Fed. R. Civ. P. 55(c).

At this juncture, Defendant is not obligated to provide overly detailed factual allegations to support its defenses.  *$22,050.00 U.S. Currency*, 595 F.3d at 326 ("[O]ur cases discussing meritorious defenses in the context of setting aside default do not require that a defense be supported by detailed factual allegations to be deemed meritorious.  Instead, all that is needed is a hint of a suggestion which, proven at trial, would constitute a complete defense.") (citing *INVST Fin. Grp.*, 815 F.2d 391 at 399); *see Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003).  Accordingly, even Defendant's "conclusory assertions may be sufficient to establish the

8

(4:24–CV–01871)

hint of a suggestion needed to present a meritorious defense." *Dassault Systems*, 663 F.3d at 843

(quoting *$22,050.00 U.S. Currency*, 595 F.3d at 326) (citation modified).

Defendant furnishes five potentially meritorious defenses: (1) improper venue; (2) failure

to state a claim for which relief may be granted; (3) lack of personal jurisdiction; (4) failure to

join a necessary party; and (5) failure of consideration.[5]  ECF No. 28 at PageID ##: 82–86.

Plaintiff counters by arguing that "rather than properly lodging these defenses in an answer or

Rule 12 motion, as it should have done, Defendant makes these arguments at the eleventh hour in

the face of a potential default judgment."  Fed. R. Civ. P. 12;  ECF No. 31 at PageID #: 114.

Plaintiff also contends that Defendant cannot now claim a lack of opportunity to defend itself,

having admitted both awareness of the litigation and access to legal counsel.  ECF No. 31 at

PageID #: 114.

Analyzing the Parties' briefs and the applicable law, Defendant's five defenses satisfy the

lenient "good at law" standard under Rule 55(c).  Fed. R. Civ. P. 55(c).  "All that matters is

whether a well–stated defense, if sustained, would change the outcome." *$22,050 U.S. Currency*,

595 F.3d at 326.  Defendant has raised, as obligated, at least one defense presenting "some

possibility of a different outcome" if the entry of default is not set aside. *Dassault Systems* at

844.  If, as Defendant alleges, (1) venue is improper; (2) Plaintiff has failed to state a claim for

which relief can be granted; (3) the Court lacks personal jurisdiction; (4) Plaintiff failed to join a

necessary party; or (5) the agreement is void for lack of consideration, Defendant has valid

---

[5] The motion nests the third defense (lack of personal jurisdiction) in Defendant's second allegation as briefed (failure to state a claim for which relief may be granted).  *See* ECF No. 28 PageID at #: 84.

9

(4:24–CV–01871)

defenses against the complaint.  Defendant has met its minimal burden under Rule 55(c).  Fed. R. Civ. P. 55(c).  Therefore, the second factor cuts in its favor.

### 3. Whether Defendant's Culpable Conduct Led to Default

Defendant argues that it acted without culpability because it: (1) has "been attempting to settle the issues raised by Plaintiff, including offering to deliver his property to him without any cost"; (2) "had difficulty in finding counsel in a jurisdiction far from where [it is] located"; and (3) "had a reasonable belief that the United States District Court for the Northern District of Ohio was an improper locale for Plaintiff's claims and the [C]ourt lacked jurisdiction over the subject of Plaintiff's Complaint."  ECF No. 28 at PageID #: 81.  Defendant also contends that its culpability is tempered because its "motion [was] made promptly upon becoming aware of the finding of default by the court."  ECF No. 28 at PageID #: 81.

In response, Plaintiff argues that Defendant's conduct is culpable because: (1) Defendant failed to defend for nearly six months, despite being fully aware of the case; and (2) rather than defending, Defendant used that time to pressure and strong–arm Plaintiff for conditional payment to return his property.  ECF No. 31 at PageID ##: 114–16.  Plaintiff urges the Court to recognize that the Sixth Circuit, in extreme cases, allows especially culpable conduct, by itself, to justify maintaining default, irrespective of the other *United Coin* factors.  *See Retail Serv. Sys., Inc. v. Carolina Bedding Direct, LLC*, No. 2:13–CV–00994, 2014 WL 2169523 (S.D. Ohio May 23, 2014) (citing *Dassault Systemes*, 663 F.3d at 844); ECF No. 31 at PageID ##: 114–15.

For its conduct to be culpable, Defendant must have demonstrated "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [its] conduct on those proceedings."  *Dassault Systemes*, 663 F.3d at 841 (citing *Shepard Claims*, 796 F.2d at 195).  Of the three factors considered, this third one presents the largest impediment for Defendant's

10

(4:24–CV–01871)

desired relief. The crux of its argument is that, because it believed the complaint was filed in the incorrect court, it had no obligation to participate in this suit. *See* ECF Nos. 28, 32. While refusal to participate in litigation is Defendant's prerogative, unilateral abstention comes with consequences.

Defendant was served on November 25, 2024, yet it failed to make any appearance until April 15, 2025, when it filed a notice of appearance and the pending motion to set aside entry of default. *See* ECF Nos. 8, 22, 26, 27, 28. Defendant admits it knew of the complaint, yet felt no obligation to defend against it or participate in litigation. ECF No. 10–2 at PageID #37. On the other hand, the fact that Defendant filed the pending motion just two weeks after entry of default weighs against finding it was intentionally disrespectful of the Court's proceedings. *See Shepard Claims*, 796 F.2d at 194 (noting the significance of the fact that defendant filed a motion to set aside default within a reasonable time after default was entered).

Nevertheless, if Defendant truly believed there were procedural or substantive issues (*e.g.*, with venue or jurisdiction), it could have sought relief through Rule 12, rather than via obstinate silence. Fed. R. Civ. P. 12. Defendant deliberately ignored the Court's summons, believing that its own procedural conclusions were dispositive and absolved it of legal liability. *See* ECF Nos. 8, 22, 26, 27, 28. Defendant offers no legitimate reason for its failure to defend. Its appearance only comes now—120 days after expiration of its allotted time to serve a responsive pleading as required under Rule 12(a)—on the precipice of default judgment when legal and financial consequences are imminent. *See* ECF No. 28; Fed. R. Civ. P. 12(a)(1)(A)(i).

In fairness, "[i]t is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable" to set aside entry of default. *Shepard Claims*, 796 F.2d at 194. Still, Defendant confesses (via signed affidavit) that "[when] [it]

11

(4:24–CV–01871)

learned that a default judgment had been entered, [it] immediately took action to retain counsel admitted to practice in the U.S. District Court for the Northern District of Ohio."  ECF No. 29 at PageID #: 92.  The implication embedded within this admission is troubling: the only reason Defendant now appears is because of the repercussions rendered against it.  While Defendant asserts that its response was delayed because it could not obtain legal counsel, that claim is conclusory and wholly unsubstantiated.  *See* ECF No. 28 at PageID #: 81.  It offers no evidence of attempts or impediments to obtain counsel at any stage before default was entered.  *See* ECF Nos. 28, 32.  Moreover, Defendant's argument is belied by the fact that, after 169 days of inaction, it managed to obtain counsel, complete briefing, and appear before the Court in just 14 days after entry of default.  *See* ECF Nos. 1, 28.

Uniquely among the three factors, Defendant's culpable conduct must be weighed "in the general context of determining whether [it is] deserving of equitable relief."  *Waifersong*, 976 F.2d at 292.  The record reveals a pattern of "intent to thwart judicial proceedings" and a "reckless disregard for the effect of [its] conduct."  *Dassault Systemes*, 663 F.3d at 841 (citing *Shepard Claims*, 796 F.2d at 195);  *see generally* *Imperial v. Swift Moving Services*, No. 4:24-CV-01871 (N.D. Ohio filed Oct. 28, 2024) (docket).  Plaintiff claims that "during the time [Defendant] was intentionally ignoring its obligations in this Court, it was attempting to strongarm [Plaintiff] for the return of his personal property."  ECF No. 31 at PageID #: 115; *see* ECF No. 10, Ex. B.  Defendant's culpability is demonstrated throughout its communications to Plaintiff:

> I swear if you don't reach a settlement by the end of the day, I will send your things to auction.  I'm not playing.

ECF No. 10, Ex. B at PageID #37.

12

(4:24–CV–01871)

> Litigation is finished!  You honestly have lack of interpretation.  I never said I don't have an attorney.  The only thing that will be drawn up is a contract agreeing to retract ALL complaints/reviews in return for having your things delivered free of charge.

ECF No. 10, Ex. B at PageID #37.

> There is nothing else to discuss . . . I have every right to wait to do this  [(*i.e.*, return Plaintiff's property)] after you retract your complaints and sign an NDA to not badmouth afterwards.  There is nothing else to discuss.  When the court sees this, it will go after you for money damages and you will have to pay me.  Don't get it twisted.

ECF No. 10, Ex. B at PageID #37.  In contrast, Defendant argues that "[s]ince the cancellation of the contract, [it] has negotiated with [Plaintiff] in good faith."  ECF No. 29 at PageID #: 91.

Defendant relies on *Makris v. eBay* and *Wilson v. Blanton* to support its argument.  No. 22-3775, (6th Cir. Feb. 23, 2023);  No. 2:16-CV-00390, (S.D. Ohio Sep. 28, 2016); ECF Nos. 28 at PageID ##: 80-81, 32 at PageID ##: 118-20.  This reliance is misplaced, as both cases are distinguishable.  In *Makris*, the Sixth Circuit affirmed the district court's decision to set aside entry of default because, *inter alia*,  the defendant had: (1) promptly attempted to reasonably resolve plaintiff's claims; and (2) reasonably delayed arbitration based on settlement negotiations.  No. 22-3775.  In *Wilson*, the district court found no intent to thwart judicial proceedings because "[defendant] did not act willfully in failing to file an answer because he thought his regular attorney was representing him and the attorney took no action."  No. 2:16-CV-00390.

Here, Defendant's attempts to resolve the dispute were not reasonable, its delay was not correlative to arbitration proceedings (as in *Makris*), and its failure to participate in litigation was not due to legal counsel's dereliction to act or Defendant's ignorance of such deficiency (as in *Wilson*).  While Defendant is correct that "mere negligence or failure to act reasonably is not

13

(4:24–CV–01871)

enough to sustain a default," *Makris* and *Wilson* are inapposite because it is Defendant's culpable *affirmative* conduct, rather than mere ignorance or reasonable steps towards settlement, that establishes its culpability.  *See* No. 22-3775; No. 2:16-CV-00390.

Defendant was fully aware of the legal action against it, made no good faith attempts to reasonably resolve the dispute, threatened to auction Plaintiff's property; and offered no legitimate reason (other than conclusory statements) as to why it failed to timely answer the complaint.  Even when taking the facts in the light most favorable to Defendant, its own culpable conduct led to default.  Thus, the third factor cuts in Plaintiff's favor.

### *4. Balancing the United Coin Factors Favors Setting Aside Default Under Rule 55(c)*

Despite Defendant's culpable conduct, the *United Coin* factors tip in its favor.  *See* 705 F.2d at 839.  The first and second factors (prejudice and meritorious defenses) balance towards setting aside the entry of default, while the third factor (culpability) balances towards maintaining the entry of default.  Defendant has met its burden to demonstrate: (a) at least one meritorious defense; and (b) that setting aside default would not prejudice Plaintiff.  *See* ECF Nos. 28, 32.  Defendant's conduct, while reproachable, is not so outlandish as to qualify as "particularly culpable" necessary "to outweigh [the other] two factors and tip the balance toward denial of relief."  *Dassault Systemes*, 663 F.3d at 844.

Because Defendant has proffered meritorious defenses, Plaintiff would not be prejudiced, and Defendant indicates a newfound willingness to participate in litigation, the balance of the factors is sufficient to grant the pending motion.

### **IV. Conclusion**

Defendant's Motion to Set Aside Entry of Default (ECF No. 28) is granted.  The Order and Entry of Default (ECF No. 22) is set aside pursuant to Rule 55(c).  Defendant is ordered

14

(4:24–CV–01871)

to file an answer or responsive pleading to the complaint (ECF No. 1) within 14 days, or no later

than 11:59 p.m. EST on October 1, 2025.  Failure to timely file an answer or responsive

pleading will result in the reimposition and reentry of default against Defendant.


      IT IS SO ORDERED.


September 17, 2025                             /s/ Benita Y. Pearson
Date                                     Benita Y. Pearson
                                             United States District Judge