PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY IMPERIAL, | ) | |
| | ) | CASE NO. 4:24-CV-01871 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SWIFT MOVING SERVICES, LLC, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | [Resolving ECF No. 17 and ECF No. 20] |

The Court considers two motions. First, Plaintiff's Motion to Proceed *in Forma Pauperis*. ECF No. 17. Second, Plaintiff's Motion for Expedited Status Conference. ECF No. 20. For the reasons herein, the first motion is granted and the second motion is denied as moot.

**I. BACKGROUND**

Plaintiff Anthony Imperial alleges that Defendant Swift Moving Services, LLC, a contracted moving company, holds his personal property hostage until he pays exorbitant fees. ECF No. 1 at PageID ##: 1-3. He initiated this matter *pro se* seeking injunctive relief, specific performance, and monetary damages. ECF Nos. 1 and 9. Plaintiff moved for an expedited status conference on March 14, 2025 (ECF Nos. 17) and moved to proceed without prepayment of fees (*i.e.*, *in forma pauperis*) on February 21, 2025 (ECF No. 20). *See* Fed. R. Civ. P. 16(a); 28 U.S.C. § 1915(a).

(4:24-CV-01871)

## II. DISCUSSION

### A. Motion to Proceed in Forma Pauperis

Plaintiff submitted a declaration and account statements sufficient to proceed without prepayment of fees as required by 28 U.S.C. § 1915(a). ECF No. 17–1, 17–2, and 17–3. Accordingly, his request to proceed *in forma pauperis* is justified and the motion (ECF No. 17) is granted.

### B. Motion for Expedited Status Conference

Under the Federal Rules of Civil Procedure,

> in any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:
>
> (1) expediting disposition of the action;
>
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
>
> (3) discouraging wasteful pretrial activities;
>
> (4) improving the quality of the trial through more thorough preparation; and
>
> (5) facilitating settlement.

Fed. R. Civ. P. 16(a). If necessary to comply with an expedited schedule, the Court may, under the Local Rules,

> (A) require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and
>
> (B) require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

Fed. R. Civ. P. 26(f)(4); *see* Fed. R. Civ. P. 16(b); *see* LR 16(d).

(4:24-CV-01871)

Pursuant to its authority under these rules, the Court determines that Plaintiff's motion for an expedited status conference as moot.  In the time since filing the motion, Plaintiff has been appointed *pro bono* counsel and Defendant has moved for dismissal under Fed. R. Civ. P. 12(b)(1)(3) and 12(b)(6).  Accordingly, the resolution of this dispute is no longer protracted, and there is no pressing need for a status conference until the Court resolves Defendant's pending motion.  ECF No. 34.

### III. Conclusion

For these reasons, Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 17) is granted.  The Clerk of Court shall waive payment and prepayment of all filing fees as applied to Plaintiff.  Plaintiff's Motion for an Expedited Status Conference (ECF No. 20) is denied as moot. The Court will reassess the necessity of a status conference after resolving Defendant's pending Motion to Dismiss.  ECF No. 34.

IT IS SO ORDERED.

| October 15, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |