PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY IMPERIAL, | ) | CASE NO. 4:24-CV-1871 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| SWIFT MOVING SERVICES, LLC | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 46] |

com

## I. INTRODUCTION

In 2024, Defendant Swift Moving Services, LLC agreed to move Plaintiff Anthony Imperial's personal property from Delaware to Ohio.  After shipping and payment disputes, Plaintiff sued Defendant for allegedly holding his property hostage "while attempting to strongarm [him] into an undue settlement[.]"  ECF Nos. 1, 46 at PageID #: 206.  After some procedural impediments, Defendant filed an Amended Answer and Counterclaim (ECF No. 43) for breach of contract and unjust enrichment.  In response, Plaintiff Moved to Dismiss the (ECF No. 46) under Federal Rule of Civil Procedure 12(b)(6).  On review, the Court considers whether Defendant has stated plausible counterclaims for breach of contract and unjust enrichment under Ohio law.[1]  The Motion is fully briefed (ECF Nos. 47, 48) and ripe for resolution.

---

[1] While the Bill of Lading includes a forum selection clause, it has no apparent choice-of-law clause.  The Parties failed to address the issue, yet both primarily cite Ohio caselaw throughout their briefings.  Thus, the Court applies Ohio's choice-of-law rules and determines that Ohio contract law governs Defendant's counterclaims.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941)

(4:24-CV-1871)

## II.  BACKGROUND

### A.  *History*

Plaintiff hired Menard's Moving & Storage to relocate his personal property from Delaware to Ohio in October 2024.  *See* ECF No. 46 at PageID #: 206.  Menard's subcontracted the job to Defendant, supposedly without Plaintiff's knowledge.  *See* ECF No. 46 at PageID #: 206.  When Defendant's employees arrived at Plaintiff's home on moving day, Plaintiff claims they unilaterally demanded a higher price than originally quoted, required cash payment upfront, and pressured him to sign a Bill of Lading only *after* his belongings were loaded onto the moving truck.  *See* ECF No. 46 at PageID #: 206.  Claiming he had no choice, Plaintiff signed the agreement but annotated "under duress" and "Extortion!!" next to his signature.  *See* ECF No. 43–1.  Defendant's employees drove away with Plaintiff's property, declared him in breach of the Bill of Lading, and held his belongings in an undisclosed location.  *See* ECF No. 46 at PageID #: 206.  It is contested how much of Plaintiff's property, if any, has subsequently been returned.  *See* ECF Nos. 51, 52, 53, 54.

### B.  *Proceedings*

Plaintiff filed a lawsuit *pro se* against Defendant in the Northern District of Ohio on October 28, 2024.  *See* ECF No. 1.  Service was executed on November 25, 2024.  *See* ECF No. 8.  Defendant failed to plead or defend, prompting Plaintiff to move for entry of default and specific performance.  *See* ECF Nos. 9, 10, 11.  The Court entered default against Defendant and appointed *pro bono* counsel for Plaintiff.  *See* ECF Nos. 22, 23.  Defendant thereafter appeared with counsel and moved to set aside the entry of default.  *See* ECF No. 28.  The Court granted that motion, *see* ECF No. 33, and Plaintiff responded with an Amended Complaint.  *See* ECF

(4:24-CV-1871)

No. 37.  Defendant filed a (now operative) Amended Answer and Counterclaim on December 8, 2025 asserting two causes of action against Plaintiff: breach of contract and unjust enrichment. *ee* ECF No. 43.  *First*, it argues Plaintiff contracted with Defendant for $9,775.00 in moving services and paid $3,762.00 *via* check at pickup, but then immediately stopped payment on that check and now owes the full unpaid balance (plus $300.00 per month in storage costs).  *See* ECF No. 43 at PageID ##: 191–92.  *Second*, and in the alternative, Defendant claims that Plaintiff knowingly received and retained the benefit of its moving services without paying for them.  *See* ECF No. 43 at PageID ##: 192–93.  It seeks $12,77.005 as the reasonable value of those services under a theory of *quantum meruit*.  *See* ECF No. 43 at PageID #: 193.  Plaintiff moved to dismiss the Amended Counterclaim on December 29, 2025.  *See* ECF No. 46.  Defendant opposed the motion on January 19, 2026, and Plaintiff replied on February 2, 2026.  *See* ECF Nos. 47, 48.

### C.  *Arguments*

Plaintiff argues that dismissal is warranted and "the Bill of Lading is not an enforceable contract" because "it is unambiguous that [he] never intended to enter into [a contract]" and "no reasonable person could find that [he] manifested a present intention to be bound[.]"  ECF No. 46 at PageID #: 207 (cleaned up).  He alleges there are no viable counterclaim for "the alleged breach of a never-formed contract[,]"  ECF No. 46 at PageID #: 208, and that "[e]ven if there was a valid contract . . . [Defendant]'s Amended Counterclaim [is] barred by the doctrine of unclean hands" due to its "iniquitous, reprehensible, and reproachable conduct."  ECF No. 46 at PageID #: 208 (cleaned up).  Defendant responds that dismissal is unwarranted because the "Amended Counterclaim clearly alleges that a contract was entered" and "Plaintiff's claim of duress is without merit in fact and as a matter of law."  ECF No. 47 at PageID #: 212.  It further counters that "the doctrine of unclean hands is an affirmative defense" and "[a]s a motion to

3

(4:24-CV-1871)

dismiss . . . challenges the sufficiency of the Complaint itself, and not any defenses [thereto], the [C]ourt must deny Plaintiff's motion [to dismiss]." ECF No. 47 at PageID #: 214.  Plaintiff replies in turn that "[t]here was no meeting of the minds between the [P]arties[,]" that Plaintiff "[does] not allege an economic duress defense in his Motion[,]" and that "[Defendant]'s opposition misrepresents the law and the Court's own words" in seeking an equitable remedy. ECF No. 48 at PageID ##: 216–19.

### III.  LAW

#### A.  *Pleadings*

Rule 8(a) ("General Rules of Pleading") requires a civil complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)) (cleaned up).  It does not demand "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 50 U.S. at 544; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  So a complaint containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice.  *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).  Rather, the allegations therein "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004)); *see Iqbal*, 556 U.S. at 678–79 (noting that Rule 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than [mere] conclusions").

4

(4:24-CV-1871)

### B.  *Motion to Dismiss*

In response to a detail-deficient complaint, a civil defendant may move under Rule 12(b)(6) to dismiss for "failure to state a claim upon which relief can be granted."  The Supreme Court mandates, *via Twombly* and *Iqbal*, a two-pronged approach when a district court considers a motion to dismiss.  *See* 550 U.S. at 552; 556 U.S. at 679.

*First,* a court must take all the plaintiff's allegations as true, "even if [they are] doubtful in fact."  *Twombly,* 550 U.S. at 555; *see Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("[Rule 12(b)(6)] does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations").  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  A court is accordingly "not bound to accept as true a legal conclusion couched as a factual allegation," *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), and may "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

*Second*, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*  Facial plausibility is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  A claim need not be "probable" but must, at minimum, be "plausible" to survive a motion to dismiss. *See id.*; *Twombly*, 550 U.S. at 546 ("Without further factual enhancement, [a claim] stops short of the line between possibility and plausibility.")  Guided by precedent, resolving a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (quoting *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007)).

### IV.  DISCUSSION

5

(4:24-CV-1871)

### A.  *Counterclaim 1 — Breach of Contract*

To establish a breach of contract in Ohio, a litigant must show "by a preponderance of the evidence that (1) a contract existed, (2) one party fulfilled his obligations, (3) the other party failed to fulfill his obligations, and (4) damages resulted from that failure."  *See Quest Workforce Sols., L.L.C. v. Job1USA, Inc.*, 75 N.E.3d 1020, 1030 (Ohio App. 6th Dist. 2016).  "The burden of establishing a contract rests upon the party who asserts [its] existence[.]"  *Guardian Alarm Co. v. Portentoso*, 963 N.E.2d 225 (Ohio App. 3d Dist. 2011).  Yet "[p]arties cannot enter into an enforceable contract unless they come to a meeting of the minds on the essential terms[.]"  *Adv. Sign Group, LLC v. Optec Displays, Inc.*, 722 F.3d 778, 784 (6th Cir. 2013) (citing *Alligood v. Procter & Gamble Co.*, 594 N.E.2d 668 (Ohio App. 1st Dist. 1991)). "A meeting of the minds occurs if a reasonable person would find that the parties manifested a present intention to be bound to an agreement."  *SureSource Commodities, LLC v. Granite Ridge Farm, LLC*, 780 F. Supp. 3d 731, 740 (N.D. Ohio 2025) (quoting *PNC Bank, N.A. v. Springboro Med. Arts, Inc.*, 41 N.E.3d 145 (Ohio App. 2d Dist. 2015).  Yet "[w]hether there has been a manifestation of mutual assent and/or a meeting of the minds is a question of fact to be determined from all the relevant facts and circumstances."  *Optec Displays*, 722 F.3d at 784 (quoting *Costner Consulting Co. v. U.S. Bancorp*, 960 N.E.2d 1005, 1009–10 (Ohio App. 10th Dist. 2011)).

\*      \*      \*

Defendant's breach of contract counterclaim rests on the enforceability of the Bill of Lading.  While Plaintiff's position is persuasive, it is insufficient to warrant dismissal at the pleading stage.  On review, Defendant has plausibly alleged that the Parties contracted for the shipment of Plaintiff's household goods from Delaware to Ohio, that the total charges were agreed to, that Plaintiff made partial payment *via* check at the point of pickup, and that Plaintiff

6

(4:24-CV-1871)

stopped payment on that check after partial performance.  The Bill of Lading (attached as Exhibit A to the Amended Counterclaim) reflects agreed-upon terms, a stated price, and Plaintiff's uncontested signature.  These allegations, taken as true, plausibly establish the existence of a contractual relationship between the Parties.

Plaintiff's contention that his handwritten annotation—he signed the Bill of Lading while explicitly labeling his signature "under duress" and "Extortion!!"—negates contract formation raises a factual dispute that cannot be resolved on a motion to dismiss.  Whether Plaintiff's signature, voluntarily applied or not, constituted assent to the Bill of Lading's terms and whether his partial payment and subsequent stop-payment constituted conduct inconsistent with the claimed rejection of the agreement are questions of fact requiring additional development *via* discovery.  At the pleading stage, the Court must draw all reasonable inferences in Defendant's favor and finds a plausible allegation that (a) a contract existed and (b) Plaintiff breached that contract.  The Motion to Dismiss Counterclaim 1 is denied.

### B.  *Counterclaim 2 — Unjust Enrichment*

Unjust enrichment occurs "when a party retains money or benefits which in justice and equity belong to another."  *Clifton v. Johnson*, 2016 -Ohio- 8120, ¶ 14, 2016 WL 7231124, at *4 (Ohio App. 4 Dist., 2016).  To establish unjust enrichment in Ohio, a litigant must show (1) a benefit granted to a defendant by a plaintiff; (2) a defendant's knowledge of the benefit; and (3) a defendant's retention of the benefit under circumstances where it would be unjust to retain the benefit without payment.  *See Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984); *Dixon v. Smith*, 695 N.E.2d 284 (Ohio App. 3d Dist. 1997)  "Unjust enrichment arises not only where an expenditure by one person adds to the property of another, but also where the

7

(4:24-CV-1871)

expenditure saves the other from expense or loss." 18 Ohio Jurisprudence 3D *Contracts* § 299 (2001) (cleaned up).

*     *     *

Defendant plausibly alleges each element of unjust enrichment sufficient to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). It transported Plaintiff's personal property from Delaware to Ohio, a service Plaintiff knowingly received and retained.  Defendant alleges Plaintiff has not paid for those services, and it would be unjust for Plaintiff to retain that benefit without payment.  Again, at this early pleading stage, and when accepting Defendant's allegations as true, the Court finds a plausible allegation Plaintiff was unjustly enriched at Defendant's expense.  The Motion to Dismiss Counterclaim 1 is denied.

## V.  CONCLUSION

Having satisfied the minimal pleading standards of Rule 8, Plaintiff's Motion to Dismiss the Amended Counterclaim (ECF No. 46) for failure to state a claim under Rule 12(b)(6) is denied.


IT IS SO ORDERED.


April 9, 2026
Date

/s/ Benita Y. Pearson
Benita Y. Pearson
United States District Judge

8